IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE<br><br>JOHN RICHARD PERULLO,<br><br>DEBTOR. | § § § § § § § | CASE NO. 3:25bk30909<br><br>CHAPTER 7 |
| KRUGER PACKAGING, LP,<br><br>PLAINTIFF.<br><br>V.<br><br>JOHN RICHARD PERULLO,<br><br>DEBTOR. | § § § § § § § § § § § | ADVERSARY PROCEEDING<br>CASE NO. _____ |

## COMPLAINT OBJECTING TO ENTRY OF DISCHARGE

COMES NOW Plaintiff Kruger Packaging, LP, ("Plaintiff" or "Kruger"), creditor of Debtor and Defendant John Richard Perullo ("Debtor" or "Perullo" or "Defendant"), and respectfully shows the following:

### I. INTRODUCTION

1. Kruger files this adversary proceeding to object to the discharge of the Debtor, Mr. John Perullo, in Bankruptcy Case No. 25-bk-30909. Kruger is a creditor of the Debtor and brings this action pursuant to 11 U.S.C. § 727(a) and 727(c), as well as Fed. R. Bankr. P. 4004. The Debtor made multiple fraudulent transfers after the substantial debt to Kruger arose, including in the year prior to the filing of the bankruptcy petition, rendering all debts nondischargeable pursuant to Section 727(a)(2) of the Bankruptcy Code. Without limitation, the Debtor made fraudulent

**COMPLAINT OBJECTING TO ENTRY OF DISCHARGE**  Page 1
1603535671.4

transfers to his wife pursuant to what Mr. Perullo claims was a marital separation agreement that was never approved by any court. The transfers were intentional fraudulent transfers as they were made with the intent to hinder, delay, or defraud Kruger.

## II. JURISDICTION AND VENUE

2. This adversary proceeding arises out of the Chapter 7 bankruptcy petition filed in this Court by Debtor on or about July 17, 2025.

3. This Court has jurisdiction pursuant to 11 U.S.C. § 523 and 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The El Paso division is a proper venue for the adversary proceeding.

## III. PARTIES

4. John Richard Perullo ("Debtor" or "Perullo") is the Debtor and is the Defendant in this adversary proceeding.

5. Kruger Packaging, LP, ("Plaintiff" or "Kruger") is a creditor of Debtor and is the Plaintiff in this adversary proceeding.

## IV. FACTUAL ALLEGATIONS

**A. The Debt to Kruger**

6. In 2018, Debtor was the sole member of Corrugated Synergies International, LLC ("CSI"). At the time, CSI was in the process of launching two newly formed wholly owned subsidiaries: Visual Impact Preprint, LLC ("VIP") and Universal Sheets, LLC ("Universal").

7. Kruger, CSI, VIP and Universal each had their own niche in the packaging industry. Seeing an opportunity for growth through working together, Kruger and CSI began negotiating a joint venture whereby Kruger would obtain equity in VIP and Universal in exchange for financing their expansion. The general terms for the anticipated deal (the "Proposed Transaction") were set

forth in a term sheet (the "Term Sheet") signed by the parties in August and September of 2018.

8. However, CSI began running out of cash before the Proposed Transaction could close. Accordingly, the parties agreed to a series of three loan documents (the "Loan Documents") to provide CSI with the short-term funding it needed to proceed with the Proposed Transaction.

9. The Loan Documents included a loan agreement between Kruger and CSI (the "Loan Agreement"); a pledge agreement between Kruger and CSI (the "Pledge Agreement"); and a guarantee agreement between Kruger and Debtor (the "Guarantee Agreement").

10. In his individual capacity under the Guarantee Agreement, Debtor guaranteed the "payment and the performance in full" of all "Obligations," which is defined to include all liabilities and obligations under all of the Loan Documents and other agreements or instruments relating to the same. *See* Guarantee Agreement, § 2 and § 1.3.

11. Kruger relied on the representations of the Loan Documents, particularly with respect to use of loan proceeds and the ability and intent of Debtor to comply with his obligations. The Debtor breached his agreements under the Loan Documents and frustrated the remedies available to Kruger in order to avoid payment of his monetary obligations to Kruger.

12. On January 10, 2020, Plaintiff filed a lawsuit in Quebec, Canada against the Debtor and CSI, in the Superior Court of Quebec, Province of Quebec, District of Montréal under cause number 500-17-111115-203 (the "Canadian Action"). Plaintiff commenced the Canadian Action in order to recover amounts owed under the Loan Agreement and to recover the amounts owed under the Guarantee Agreement from the Debtor.

13. On May 30, 2023, Plaintiff obtained a judgment in the Canadian Action in favor of Plaintiff and against the defendants, jointly and severally, in the sum of CAD$2,100,827.49 as of May 29, 2023, with interest at an annual rate of 10% (the "Canadian Judgment").

14. Kruger thereafter moved for recognition of the foreign judgment so that it could pursue collection of the judgment against the Debtor in the United States. On July 3, 2023, filed its Original Petition for Recognition of Foreign-Country Judgment in the District Court for El Paso County, Texas. The District Court recognized and issued final judgment from a Texas court (the "Texas Judgment") in the amount of $1,656,835.67, with interest at an annual rate of 10% accruing as of January 24, 2024, plus all costs and legal fees.

### B. Debtor's Frustration of Kruger's Attempts to Collect its Debt

15. The Debtor engaged in a pattern of conduct to frustrate repayment of the debt owed to Kruger. For instance, the Debtor made meritless arguments in opposition to Kruger's action to recognize the Canadian Judgment in El Paso, County.

16. Additionally, Kruger sought propounded discovery on the Debtor regarding his assets. The Debtor never served a verified response to any of the discovery requests propounded by Kruger, and Debtor did not respond in any form or produce any documents until the eve of the hearing on Kruger's first Motion to Compel Discovery.

17. The documents that Debtor did eventually produce were woefully deficient. Accordingly, on July 8, 2025, Kruger sent Perullo a letter threatening to file a second motion to compel discovery unless Debtor provided full and complete responses and production by July 21, 2025. On July 17, 2025, Perullo filed his petition for bankruptcy.

### C. Fraudulent Transfers, Including Within One Year of the Petition

18. The Debtor made multiple fraudulent transfers with the intent to hinder, delay, or defraud Kruger, including in the year prior to the commencement of his bankruptcy case.

19. The Debtor has asserted that he entered into an unfinalized martial separation agreement with his wife, Beth Perullo, in late 2021. As of late 2021, Kruger had filed suit against

the Debtor on the Guarantee Agreement, and the Debtor was aware of such suit and the fact that he owed substantial amounts to Kruger.

20. No court has entered any divorce decree determining that the Debtor and Beth Perullo are divorced.

21. No court has entered any order approving a marital separation agreement or spousal support agreement between the Debtor and Beth Perullo.

22. The Debtor's schedule of assets and liabilities [Dkt. 6] discloses a debt of $192,000.00 to Beth Perullo incurred in "2021-2025" for "[d]omestic support obligations. Similarly, Debtor disclosed to Kruger as part of his August 6, 2024, document production that Debtor had been paying his "wife" $10,000.00 a month as part of a "mediated separation beginning in late 2021."

23. The Debtor made multiple transfers to Beth Perullo in the years prior to the bankruptcy filing and after Kruger filed suit against the Debtor in Canada.

24. Debtor made the transfers to his wife with intent to defraud Kruger and with the intent of putting his non-exempt assets beyond Kruger's reach.

## V. FIRST CAUSE OF ACTION

### Count 1: Nondischargeability of All Debts
### (11 U.S.C. § 727(a)(2))

25. The allegations of the preceding paragraphs are hereby incorporated as if explicitly set forth herein.

26. Debtor incurred obligations to his wife, including a separation agreement, with intent to defraud Debtor's creditors.

27. Debtor made one or more transfers of property to his wife within one year of the date that he filed his petition for bankruptcy.

28. At the time of the transfers, Kruger was a creditor of the Debtor.

29. The Defendant made the transfers to his wife with the intent to hinder, delay, or defraud Kruger.

30. By transferring property to his wife with the intent of hindering, delaying, or defrauding at least one of his creditors, the Debtor violated the provisions of Section 727(a)(2) of the Bankruptcy Code and is not entitled to a discharge in his bankruptcy case.

## VI. PRAYER FOR RELIEF

31. WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant determining the following:

   a. That the debts of the Defendant, including the debt of Kruger, be ruled nondischargeable, because the Defendant, with intent to hinder, delay, or defraud a creditor, transferred his property within one year before the date of the filing of the petition in violation of Section 727(a)(2) of the Bankruptcy Code.

   b. For an award of attorneys' fees and costs to the extent permitted by law.

   c. For such other and further relief as this Court deems just and proper.

Dated: October 24, 2025

Respectfully submitted,

**K&L GATES LLP**

/s/ David Weitman
David Weitman
State Bar No. 21116200
David.Weitman@klgates.com
1717 Main, Suite 2800
Dallas, Texas 75201
(214) 939-5427 Telephone

**ATTORNEY FOR KRUGER PACKAGING LP**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served on counsel of record on October 24, 2025, via the Court's electronic filing system.

*/s/ David Weitman*
David Weitman
